# United States District Court

## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**CHAUNCEY EDWARDS**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:06-CR-139

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
- ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
- ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the ~~appearance of the defendant as required and the~~ safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged with 3 drug offenses carrying minimum sentences of 10 years. According to the Pretrial Services report, defendant has suspected ties to the Wealthy Street Boys Gang. A large amount of drugs is involved in this case (4 kilograms of coke). A semi-automatic pistol and ammunition were found in defendant's bedroom. There was evidence that the kitchen had been used for manufacturing crack cocaine.

(continued on next page)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the appearance of the defendant or the safety of the community. Defendant has demonstrated over the years a blatant disregard of his court obligations. While arguably defendant's good behavior while on tether rebuts the presumption he is a flight risk, this is only true if one believes defendant's major violation of the tether and the various false alarms were not his fault. Regardless, he has not rebutted (continued on next page)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 11, 2006

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a)

United States v. **CHAUNCEY EDWARDS**
1:06-CR-139
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

### Alternate Findings (B) - (continued)

When charges were first filed in state court, defendant was placed on tether with a GPS locator. There was one major violation and several false alarms.

Throughout his criminal record, defendant has had numerous failures to appear and violations of probation. In 1999, a failure to appear warrant was issued on a DWLS offense.

In June 2000, defendant failed to appear for arraignment, and in a subsequent case, defendant failed to appear for pretrial conferences set for November 27, 2000; December 19, 2000; January 4, 2001; and January 22, 2001. Defendant was sentenced for contempt of court. In 2002, defendant had a history of failing to appear at work sites while on a work crew following conviction for DWLS.

In regard to another DWLS case, defendant failed to appear for arraignment on June 18, 2002, and for a pretrial conference the following August 1, 2002. An order to show cause was issued and defendant failed to appear for that hearing. Defendant also failed to appear for a pretrial conference on December 31, 2002. An order to show cause was issued and defendant failed to appear for that hearing in January 2003. In April 2003, two cash bonds posted by defendant were forfeited.

In the middle of June 2003, defendant failed to report to his probation officer as directed for a period of two months. In October 2005 defendant was found guilty of 3 conditions of probation related to committing new offenses.

### Part II - Written Statement of Reasons for Detention - (continued)

other part of the presumption that he is a continuing danger to the community due to his drug trafficking activities. There is nothing on the record to indicate he would not continue these activities even if he remained on tether.

Moreover, however, the government has also shown by a preponderance of the evidence apart from the presumptions that there are no conditions or combination of conditions that will assure his presence in court in light of his established pattern of failing to appear for court proceedings.